UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| IMMANUEL LUTHERAN CHURCH,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | Case No. 4:25-cv-04119-SLD-RLH |
| ) | |
| CHURCH MUTUAL INSURANCE    ) | |
| COMPANY, SI,[1]    ) | |
| ) | |
| Defendant.    ) | |

ORDER

Before the Court is Defendant Church Mutual Insurance Company, SI's ("Church Mutual") motion to dismiss, ECF No. 8. For the reasons that follow, the motion to dismiss is DENIED.

**BACKGROUND[2]**

Sometime before March 1, 2023, Plaintiff Immanuel Lutheran Church ("Immanuel Lutheran") purchased an insurance policy from Church Mutual (the "Policy"). The Policy was effective from March 1, 2023, to March 1, 2024. The Policy insured Immanuel Lutheran against risks of loss or damage to their property located at 3300 24th Street, Rock Island, Illinois (the "Property").

On or about March 30, 2023, a storm brought wind and hail that caused extensive damage to the Property. After Immanuel Lutheran submitted a claim, Church Mutual inspected

---

[1] The Complaint, Not. Removal Ex. 1, ECF No. 1-1, lists Defendant as "Church Mutual Insurance Company," but Defendant clarifies that its name is Church Mutual Insurance Company, SI, Not. Removal 1, ECF No. 1. The Court uses Defendant's spelling.
[2] Unless otherwise stated, the facts described in this section are as alleged in Plaintiff Immanuel Lutheran Church's Complaint because, when ruling on a motion to dismiss, the Court "accept[s] as true all factual allegations in the . . . complaint and draw[s] all permissible inferences in [the plaintiff's] favor." *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015).

1

the Property and determined that only minimal damage was covered by the Policy. Based on this inspection, Church Mutual paid $2,945.55 for the damage to the Property. Immanuel Lutheran then contracted with Semper Fi Public Adjusters ("Semper Fi") to inspect the property. Semper Fi estimated the value of actual damage to the Property as $4,197,687.01. Immanuel Lutheran alleges that this difference is due to Church Mutual "intentionally ignoring damage and turning a blind eye to the true extent of the loss." Compl. ¶ 16.

Immanuel Lutheran filed its first Complaint in this Court on March 12, 2025 ("March Complaint"). *See generally* March Compl., *Immanuel Lutheran Church v. Church Mut. Ins. Co.*, No. 1:25-cv-01099-SLD-RLH (C.D. Ill. Mar. 12, 2025). After the Court dismissed the case for lack of jurisdiction, *see* May 14, 2025 Text Order, *Immanuel Lutheran Church v. Church Mut. Ins. Co.*, No. 1:25-cv-01099-SLD-RLH (C.D. Ill.) (dismissing on grounds that the complaint "did not support diversity jurisdiction because no information was provided about where Defendant is incorporated"), Immanuel Lutheran refiled in state court on May 28, 2025. Church Mutual removed the case to this Court on June 18, 2025. Church Mutual properly invoked this Court's diversity jurisdiction. *See* Not. Removal 1–4, ECF No. 1; *see also* 28 U.S.C. § 1332(a)(1).

In its Complaint, Immanuel Lutheran alleges that Church Mutual breached its contractual duty by denying liability for covered loss. It seeks damages to cover the entire $4,197,687.01 cost of remediating damage to the Property. Immanuel Lutheran also seeks recovery under Section 155 of the Insurance Code, 215 ILCS 5/155, for Church Mutual's vexatious and unreasonable actions and delay in settling the claim. Church Mutual seeks dismissal of both counts on grounds that Immanuel Lutheran failed to state a claim. *See generally* Mot. Dismiss;

2

*see also* Fed. R. Civ. P. 12(b)(6).  Immanuel Lutheran filed a response opposing the motion to dismiss in its entirety.  *See generally* Resp. Mot. Dismiss, ECF No. 10.

## DISCUSSION

### I. Legal Standard

When reviewing a motion to dismiss, a court must accept all well-pleaded facts in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012).  A court will dismiss a complaint if, viewed in the light most favorable to the plaintiff, it "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To state a claim, a complaint must "plausibly give rise to an entitlement to relief" by including sufficient factual content for the court to reasonably infer "that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  In addition to the complaint, courts may consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice."  *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

### II. Analysis

#### a. Count I: Breach of Contract

Church Mutual contends that the Policy's suit limitation provision bars Immanuel Lutheran from pursuing a breach of contract claim.  Mot. Dismiss 3.  The Policy reads, under the header "LEGAL ACTION AGAINST US,"

> No one may bring a legal action against us under this Coverage Part unless:
>
> 1. There has been full compliance with all of the terms of this Coverage Part; and
> 2. The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

3

Policy 62, Mot. Dismiss Ex. 1, ECF No. 7-1.[3] Church Mutual claims that Immanuel Lutheran cannot pursue its breach of contract action because its claim was filed on May 19, 2025, more than two years after March 30, 2023, the date of loss. Mot. Dismiss 5.

In response, Immanuel Lutheran argues that its breach of contract action is permitted by 735 ILCS 5/13-217. Resp. Mot. Dismiss 2–3. That statute reads, in relevant part,

> In . . . any . . . contract where the time for commencing an action is limited, if . . . the action is dismissed by a United States District Court for lack of jurisdiction . . . then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff . . . may commence a new action within one year or within the remaining period of limitation, whichever is greater, after . . . the action is dismissed by a United States District Court for lack of jurisdiction . . . .

735 ILCS 5/13-217. Immanuel Lutheran argues that its current Complaint was timely filed because it was filed less than one year after this Court dismissed the March Complaint for lack of subject matter jurisdiction. Resp. Mot. Dismiss 2–3.

Federal courts sitting in diversity must apply state statutes of limitations. *See Guar. Tr. Co. of N.Y. v. York*, 326 U.S. 99, 108–10 (1945) (reasoning that applying state statues of limitations is necessary to ensure that litigation outcomes do not depend on the forum in which the case is heard); *Heiman v. Bimbo Foods Bakeries Distrib. Co.*, 902 F.3d 715, 718 (7th Cir. 2018) (applying state statute of limitations "[b]ecause [it was] a diversity suit arising under state law"). For the same reason, diversity actions governed by Illinois law apply Illinois tolling and savings provisions. *Conover v. Lein*, 87 F.3d 905, 907 (7th Cir. 1996); *see, e.g.*, *Evans v. Lederle Lab'ys*, 904 F. Supp. 857, 859 (C.D. Ill. 1995), *aff'd sub nom. Evans ex rel. Evans v. Lederle Lab'ys*, 167 F.3d 1106 (7th Cir.

---

[3] The Policy includes many documents and parts that are either unpaginated or individually paginated. For ease of reference, the Court uses the page numbers generated by CM/ECF for pin cites.

1999) (concluding that "as an element of the statute of limitations, and therefore a substantive state rule of law, 735 ILCS 5/13-217 should be applied by a federal court sitting in diversity"); *Dvorak v. Granite Creek GP Flexcap I, LLC*, No. 16 C 9996, 2017 WL 714159, at *2 (N.D. Ill. Feb. 23, 2017) (applying 735 ILCS 5/13-217 because Seventh Circuit authority states that it applies in diversity cases).

Immanuel Lutheran's action, based on Illinois law, was removed to federal court on the basis of diversity. *See* Not. Removal 2–4. The Court therefore must apply 735 ILCS 5/13-217. Immanuel Lutheran filed its first Complaint in this Court on March 12, 2025, before the two-year deadline expired on March 30, 2025. *See* March Compl. The Court dismissed the case for lack of subject matter jurisdiction. *See* May 14 Text Order. After dismissal, 735 ILCS 5/13-217 permitted Immanuel Lutheran to "commence a new action within one year." It did so, filing the current case in Illinois state court on May 19, 2025. *See* Compl. The two cases involve the same parties and arise out of the same alleged facts, and both counts raised in the Complaint at issue here were presented in materially identical forms in the March Complaint. *Compare* Compl. *with* March Compl. Accordingly, the case is not time barred under Illinois law.

Because Immanuel Lutheran's Complaint was filed within the period permitted by 735 ILCS 5/13-217, Church Mutual's motion to dismiss Count I is DENIED.

### b. Count II: Violation of Section 155 of the Insurance Code

Church Mutual's only ground for dismissal of Count II is that "Section 155 does not create a standalone cause of action." Mot. Dismiss 6. It argues that Count II cannot be maintained if Count I is dismissed. *Id.* at 6–8. Because Count I survives the motion to dismiss, Church Mutual's motion to dismiss Count II is DENIED.

5

## CONCLUSION

For the foregoing reasons, Defendant Church Mutual Insurance Company, SI's motion to dismiss, ECF No. 8, is DENIED.

Entered this 27th day of October, 2025.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
